# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEBORA K. BALFOUR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-21-293-R |
| | ) |
| **CARNIVAL CRUISE LINE;** | ) |
| And yet identified sub-contractors, | ) |
| servants, and employees, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Defendant Carnival Corporation's ("Defendant") Unopposed "Motion to Dismiss or Transfer." Doc. No. 7. The Court finds as follows.

Defendant argues that dismissal or transfer of this action is appropriate because Plaintiff Debora Balfour ("Plaintiff") entered into a contract with Defendant that included a mandatory forum selection clause requiring that any suit be brought "before the United States District Court for the Southern District of Florida …". Doc. No. 7-2, ¶ 13(c).

Forum selection clauses in maritime contracts, which are governed by federal law, are generally enforceable absent strong justification otherwise. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991); *see also Chesapeake Operating, L.L.C. v. C.C. Forbes, LLC*, No. 5:20-CV-557-R, 2020 WL 6827798, at *4 (W.D. Okla. Nov. 20, 2020) ("[A]bsent compelling reasons otherwise, forum selection clauses are enforceable.") (citing *Howard Family Charitable Found., Inc. v. Trimble*, 259 P.3d 850, 862 (Okla. Civ. App. 2011)).

The forum selection clause here is mandatory because it "contain[s] clear language showing that jurisdiction is appropriate only in the designated forum." *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 498 (10th Cir. 2002); *see also Beverly Enters.–Tex., Inc. v. Devine Convalescent Care Ctr.*, 273 P.3d 890, 894 (Okla. Civ. App. 2012) (finding forum selection clause mandatory because it "contain[ed] clear language demonstrating litigation is appropriate in only a designated forum.") (citing *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 316, 321 (10th Cir. 1997)). The provision here clearly "mandates … specific for[a]" appropriate for adjudicating claims between the parties. *Transcon. Gas Pipe Line Co., LLC v. G.A. W. & Co., Inc.*, No. 17-CV-0050-CVE-FHM, 2017 WL 1536233, at *2 (N.D. Okla. Apr. 27, 2017).

"Where there is a valid forum selection clause, the burden is on the party resisting enforcement to show that enforcement of the clause would be unreasonable under the circumstances." *Id.* (citing *Tucker v. Cochran Firm–Criminal Defense Birmingham LLC*, 341 P.3d 673, 683 (Okla. 2014)). Balfour, by failing to respond, has not met this burden, and therefore has failed to show that the designated forum is so inconvenient that enforcing the forum selection clause would be contrary to public interest or public policy.

For the reasons set forth above, the Court finds that the forum selection clause should be enforced, and accordingly, Defendant's motion is hereby GRANTED, and Plaintiff's claim is subject to dismissal without prejudice to refiling in the proper forum.

**IT IS SO ORDERED** on this 20th day of May 2021.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE